UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THE UNITED STATES LIFE
INSURANCE COMPANY IN THE CITY
OF NEW YORK,

      Plaintiff,

v.                               Case No:  6:14-cv-2093-Orl-41DCI

LISA CAMACHO SZETO, ASHTON
SZETO, KRISTIAN SZETO, C.J.
SZETO and J.K. SZETO,

      Defendants.

REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** SECOND JOINT STIPULATION FOR DISBURSEMENT, DISCHARGE AND DISMISSAL (Doc. 66)
>
> **FILED:** February 17, 2017
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

This action stems from the September 1, 2014 death of Jack Szeto, who had a $500,000.00 term life insurance policy with Plaintiff at the time of his death. *See* Doc. 22.  On September 30, 2014, Jack Szeto's former wife, Lisa Camacho Szeto, made a claim for the death benefit payable under the policy.  *Id*. at ¶ 14.  Plaintiff was uncertain whether Ms. Szeto's claim survived her divorce from Mr. Szeto, and was aware that Mr. Szeto had four children, who may assert claims to the death benefit payable under the policy.  *See id*. at ¶¶ 16, 22-23.  Thus, Plaintiff feared that it

could not pay the death benefit under the policy without being exposed to multiple liability on the same fund. *Id*. at ¶ 33.

On May 21, 2015, Plaintiff filed the operative interpleader complaint against Ms. Szeto, and Mr. Szeto's four children, Ashton Szeto, Kristian Szeto, Colby Szeto, and Jordan Szeto (collectively, the Defendants). Doc. 22.[1] Plaintiff deposited the death benefit payable under the policy plus accrued interest, in the total amount of $502,121.09, into the Court's registry pending the outcome of this action. Doc. 12.

The parties have reached a settlement. *See* Doc. 66. On February 17, 2017, the parties filed a Second Joint Stipulation for Disbursement, Discharge and Dismissal (the Motion). *Id*.[2] The parties represent that they "agree, understand, authorize, and approve" payment of the funds deposited with the Court ($502,121.09) and any accrued interest to Ms. Szeto. *Id*. at ¶ 27. The other defendants "acknowledge, understand and agree that each of them is waiving, disclaiming, giving up and relinquishing any right, claim, and/or interest they may have, or have, or in the future could have, in the death benefit plus accrued interest being paid to Lisa Camacho Szeto[.]" *Id*. at ¶ 28. In light of the foregoing, the parties request the Court enter an order reflecting the terms and agreements contained in the Motion, including the parties' agreements to: 1) discharge and release each other from further liability on any and all claims related to the death benefit payable under the policy; 2) restrain each other from instituting any further proceedings related to the death

---

[1] Colby Szeto and Jordan Szeto – formally referred to as C.J. Szeto and J.K. Szeto – were minors when this action was instituted, but they turned the age of majority – *i.e.*, 18 years old – during the course of this proceeding. *Compare* Doc. 1 *with* Doc. 66 at ¶ 28.

[2] The Court denied the parties' Joint Stipulation for Disbursement, Discharge and Dismissal (Doc. 62), because they failed to address whether the settlement was in the best interest of Jordan Szeto, who had not turned the age of majority at the time the Joint Stipulation for Disbursement, Discharge and Dismissal was filed. Doc. 63.

benefit payable under the policy; 3) bear their own attorney fees and costs; and 4) dismissal of the case with prejudice. *Id*. at ¶¶ 29-32.

The undersigned finds the Motion well-taken to the extent that it requests disbursement of the funds Plaintiff deposited in the Court Registry, each party bear their own attorney fees and costs, and dismissal of the case with prejudice. The parties, however, have failed to justify the inclusion of the other agreements – *i.e.*, discharging liability and enjoining the institution of further proceedings concerning the death benefit payable under the policy - in the order dismissing the case. *See* Doc. 66. Thus, the undersigned is not persuaded such agreements should be included in the order dismissing the case, especially given the fact that the parties have stipulated in writing to those agreements.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 66) be **GRANTED in part** and **DENIED in part** as follows;

1. The Clerk be directed to disburse the funds deposited in the Court's Registry by Plaintiff on February 6, 2015 ($502,121.09), including any and all accrued interest on those funds, as follows: one check made payable to Lisa Camacho Szeto, and mailed to her at 4458 Middlebrook Road, Orlando, Florida 32811.
2. Each party bear its own attorney fees and costs;
3. The case be **DISMISSED with prejudice**; and
4. The Clerk be directed to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this matter.**

    Recommended in Orlando, Florida on March 2, 2017.

_____
DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy